to Mr. Good afternoon, Your Honors. My name is Emily Filpi and I represent John Riley in this matter. Riley's post-conviction petition made a substantial showing that his appellate counsel, his rect attorney, were ineffective and a substantial showing that he was prejudiced as a result of their ineffectiveness. In this case, Riley was initially sentenced to two concurrent terms of 23 years for aggregated kidnapping and home invasion. On direct appeal, this court vacated the aggregated kidnapping petition and remanded for resentencing on the home invasion because the trial court did not comply with Section 531 and didn't put Riley's criminal history on the record. On remand, the trial court increased Riley's sentence four and a half years from 23 to 27 and a half. The resentencing statute, Section 554, makes it clear that upon resentencing from a remand, the trial court may not impose a higher sentence unless it is based on conduct that occurred after the original sentence. In imposing this increased sentence on remand in this case, the trial court permanently stated that it considered much more than what the statute allowed for, in fact, in this increased sentence. Well, the trial court also apparently relied on a statement in the last Riley disposition that said that by the or some, I'm paraphrasing, but by this decision, we, you know, state no position on what can be done in this case or something like that. And the trial court felt pretty strongly about that statement. How do you deal with that? I take the statement for exactly what it is, that the honor has expressed no opinion about it. So do we mislead him? I don't think so, Your Honor. I mean, statutes, sentencing statutes all work in tandem with each other. And just because violating one statute does not give the court grounds to violate another on remand. Well, can we, I mean, I guess the question is, and I think that's sort of where he might have been, the trial court might have been going, can we tell him or can we sanction that or allow that for the trial court? Are we confessing error? No, I do not. But I'm just wondering if that's, you know, even if we said that, could we tell him he did not have to abide by statutory authority? Your Honor, I don't think so, because if you had done so, I would imagine that the Illinois Supreme Court might be interested in chiming in as well. But again, you know, the statutes, they all work together. You know, there's various statutes. And the PSI statute, 531, to comply with that, you can comply with it in two ways. Either have the PSI done, or the court considers the PSI, or waive your right to a PSI and have criminal history on the record. In this case, Riley waived his right to a PSI, as this court noted in their appeal, your decision, sorry. So to comply with that statute, all the court really had to do was put criminal history on the record. Well, he, you know, and the court, the court, when it went back, did consider additional things that occurred after the sentencing, i.e. stealing the salt and pepper packets, correct? So there was some criminal behavior, if you will, after the original sentencing. Right. The trial court considered both improper factors, like things that happened before the original sentencing, as well as the conduct in the DOC, which was the possession and theft of the salt and pepper packets. But if the trial court had clearly stated that the increase was based upon the salt and pepper packets, then the increase sentence would comply with 554. But that's not what happened here. The trial court didn't do that. The problem here is that the trial court stated that it was basing Riley's 27 and a half year sentence, not just the increase, on a host of factors, these improper ones and the proper. In fact, the trial court went on for four plus pages explaining all the different reasons that went into the sentence of 27 and a half years, and mentions in one single sentence the conduct of the DOC. The court doesn't single it out in any way, suggesting that that is the reason for the increase. It's just one single sentence of four and a half, four plus pages of all the reasons. Well, the interesting thing about this, had the trial court put defendant's criminal history on the record the first time, he would have known all of the things that he found out at this particular sentencing, correct? Not exactly, Your Honor. There was a 402 conference in this case. So at the 402 conference, presumably the trial court heard this information about his prior offenses, which would have been before the court in the conference. Also, the court relied on the facts of the case, which was also before the court. The victim impact statements, and the court also heard litigation evidence the first time at this resentencing hearing, and acknowledged it was mitigating. Riley's uncle testified that Riley would have a job at the HVAC company when he was released. A family friend of Riley's spoke, he said, about the familiar support that Riley had, and Riley also addressed the court and apologized to the victim, and explained to the court that he was The state also wanted Riley to receive 23 years on resentencing. Had the trial court actually re-imposed 23 years, Riley would be released this fall. But instead, the trial court increased Riley's sentence to 27 and a half years. Under North Carolina v. Pierce and Bays, an increased sentence after retrial is only proper if the trial court can point to the specific conduct of part of the sentence, which warrants a heavier sentence. And do we have anything which actually, any further case law which actually defines what it means to point to specific conduct? Can it be just a mere reference to the conduct that occurred? Your Honor, I have not come across any cases that explain exactly what pointing to that means. But in this case, it was a mere reference, because it jumbled in within these improper factors. And right now, we're at the second stage of post-conviction proceedings. So all Riley has to show is that substantial showing that appellate counsel was ineffective for failing to properly raise this issue on direct appeal, and that he was substantially showing To the extent that the remaining factual question, which would be whether the trial court properly increased the sentence or based it on that conduct, that's something that would be developed at an evidentiary hearing. Well, what kind of evidentiary hearing are you going to need? All you're going to need is just to read the transcript, right? Well, no, Your Honor, because in the transcript, we have the trial court relying on all these improper factors, as well as, you know, the one sentence talking about the DOC conduct. So you have to parse from that whether the four and a half year sentence is based on that additional conduct. And beyond that, you know, moreover, even if the sentence complies with the strict language of 554, meaning you can point to the DOC conduct, there might still be a problem under North Carolina v. Pierce, as there's a reasonable likelihood that an additional four and a half years, based on the salt and pepper practice, is indicative that it's not reasonable or proportionate to the underlying conduct there. Can we correct the sentence and make it the original sentence? Finding that the court improperly added on to the sentence? Well, Your Honors, I don't want to limit your authority. But, I mean, at this stage, we're, you know, we're dealing with a second stage post-conviction petition. You know, the court does have powers to correct improper sentences. So if this court were to determine that the sentence was issued in violation of the statute and not just, you know, substantial showing of all of this, I do think, Your Honors, we would have the power to correct it or to say it should be corrected. Well, what would be the purpose of a third stage hearing if that was the option? How would that correct the problem that's been raised? Well, at a third stage hearing, again, you know, you can delve into whether this was a convictive or a reasonable increase or whether it was based on this. Do you mean call the judge? Could. Well, not this one, I don't think. No? No, because I don't believe the judge is still available. Yeah. No. Love it. Love it. Yeah. So, okay. Also, the trial court's words during the re-sentence indicate that it didn't believe that there was any limitation on the new sentence, as Your Honor was referring to earlier. I want to say that the prior sentence was not a ceiling because Riley was only being sentenced for one conviction and not on both. But, you know, under the language of the re-sentencing statute, it does apply. And the only way the court could have increased the sentence would have been relying on that additional conduct. So, based on the trial court's words, we can't assume that it only based the increase on a proper factor when its words affirmatively indicated that it did not believe there was any limitation on a sentence in remand and the statute doesn't apply to it. But the trial court explicitly stated that it considered factors other than those permitted by the re-sentencing statute in imposing this increase sentence. And where the four and a half year increase was disproportionate, with that, the possession of 100 salt and pepper packets, Riley's petition established a substantial showing that it was prejudiced by appellate counsel and trial counsel's failure. And direct appeal counsel raised this issue and did it ineffectively by not including a plain error argument in the briefs. Trial counsel indisputably forfeited this issue below, so for this claim to be properly raised here, direct appeal counsel had to make a plain error argument. And since the defendant had the burden of persuasion, plain error is not argued and the defendant can't be a burden. And that's what happened here. Direct appeal counsel did not argue plain error in the briefs and this court found that the direct appeal counsel had procedurally defaulted this claim. And as a result of appellate counsel's failure, this court chose not to consider the merits of the claim that Riley's sentence violated 5-5-4 and Pierce. Because Riley made a substantial showing that appellate counsel's failure resulted in procedural default and that this underlying claim has merit, Riley has shown there's a substantial showing that trial counsel's failure is prejudicial. So the petition establishes there's a factual question here remaining that needs to be addressed, which is whether the trial court violated section 5-5-4 when it imposed a greater sentence. For these reasons, Riley asked this court to remand for an evidentiary hearing to resolve this factual question. Thank you. Ms. Kripke? May I please support Joan Kripke on behalf of the people of the State of Illinois Council? Ms. Kripke, let me ask this question before you get started and I divert your attention. The petition, the post-conviction petition doesn't deal with sentencing. It deals with some other issue, correct? They're alleging the ineffective assistance of counsel, appellate counsel and trial counsel. For not arguing the issue of sentence? For not trial counsel, for not specifically arguing against the four-and-a-half year increase and for appellate counsel for failing to argue the ineffective assistance of trial counsel and for failing to have argued plain error once it was dropped into their lap. Why can't we correct the sentence to the initial or could we correct the sentence to the initial sentence without remanding it, just outright correcting the sentence? I thought that they had, in one case, taken away the appellate court's ability to change sentences. Or does that only have to do with fines and fees? No, we're back with fines. Well, yes, fines and fees. I think you – I have to think about that before I concede that. But I don't think it's proper here. And the reason is the defendant came up on direct appeal and asked for something which this Court granted. He said, we didn't get a petition. They can discuss my background. Yeah, but how do you justify, based on 5-5-4, how do you justify increasing his sentence without a showing or some substantial showing that he had conduct afterwards to justify that sentence? The court said, you were bad in prison. And attached, there was a letter from the DOC saying, we put him in solitary. These are the disciplinary steps we took because he violated our rules. He had these hundred packets of salt and pepper, which was a violation. So is there some sort of a chart? And I know this will be a rather whimsical question, but is there a chart that you look at that says 30 days in segregation means 4-1-2 years extra to your sentence? I tried to find this. No, because the DOC isn't concerned with sentencing. They're concerned with disciplining the person. And they gave him, I don't know, I can't remember, was it 100 days in solitary? 30. 30. 30 days in solitary. It's 100 packets, 30 days. Okay. So the question then goes back to, what is the trial court allowed to do upon remand? And what did they ask for when they came up here on direct appeal? They said, we didn't get a fair sentencing here. You had to have a PSI. So the court said, okay, we're going to do a PSI. And they still hadn't agreed on a sentence. They had agreed to recommend a sentence. And that's the difference between saying, we think this has to be the sentence. And so because of that, they had to have the PSI. Once the court has the PSI, the court took it to me. I now have to do a proper sentencing here. And they went through all the factors in mitigation and aggravation. And even though he may not have said this or may have said that, the standard rule of thumb is a court can't be held against a trial court for not saying aggravation 1, aggravation 2, mitigation 1, mitigation 3. It's presumed the court has gone over all the relevant factors and taken them into consideration. But counsel said that even though there was not technically a PSI the first time around when the 23 years happened, there was a 402 where presumably, and there's probably a record somewhere where the court came back out and said, this is what I've heard, this is what I've agreed to. It's sentence. Yeah. And this is, you know, so the thing about the terrified victim, the previous history, all of those things were known to the judge, although not in pre-PSI. To the judge. But it has to be put onto the record. That's why you sent it back. Right. But he weighed the PSI. He could weigh the PSI if the prior history is put in the record, correct? Correct. It could be weighed, but it wasn't put in the record. No, I know that. But do you think that our opinion misled the court? No. I think that this court, you made it very clear. There was no PSI. There had to be a PSI. Right. And so I would imagine that a judge would understand that when the telecourt is telling them to create a PSI, you can't just create it and then ignore it. It goes hand in hand with discussing the PSI and discussing elements of it and allowing whoever to say whatever they want about the PSI. Well, in the original hearing, there wasn't any mitigation evidence. In the original plea, there wasn't any mitigation evidence presented, was there? I don't remember. I don't think there was. But the point is that they did it thoroughly. Once you sent it back and said, hold a new sentencing hearing and get it right, he did that. And then he said, oh, by the way. And the state still held to its bargain and said, we're still recommending the 23 years. Was it a different judge, right? Yes. Yeah. So the state then came in and said, you know, we agreed to this, we're still agreeing to this. The judge then said, okay. But I see, you know, he may not have said, okay, this has happened then and now we're talking now. But he did say, since you've been in prison or since this last go-around, this has happened to you. So the court had every right under the statute to increase the sentence, whether they found this to be arbitrary, fanciful, unreasonable, whatever. No one's made that argument. No one made that argument, even on appeal. They didn't say that. They just said he should have argued that that was wrong to impose the four-and-a-half years. The trial counsel was wrong, Mr. Roberts, was wrong. And Mr. Roberts, I am proud to say, was not wrong.  The court could not have imposed that additional four-and-a-half years. The court had the right to impose a sentence that wasn't, hey, if the court had said another hundred years, okay, then we would say that's arbitrary. Well, but it's still an increase. Now, can we tell a judge that you don't have to abide by the statute, but do the right thing this time? Aren't they one and the same? Well, no. But we said by this opinion we are not making any, you know, we're not telling you what to do. But we are telling you that you needed to have a PSI or the information on the record. Since you didn't have the information on the record, you're going to go get a PSI and do what you have to do. But does that mean we can say don't follow statutory authority? Because the ---- How did he not follow statutory authority? He went and got the PSI. He held a full sentencing hearing, and then he said, and I'm noting that you did the following things after you went to jail. And then under the statute, statutory authority, he can increase the sentence, and he did. Why is that wrong? Well, it seems a tad unusual that illegally obtained packets of salt and pepper would be worth four and a half years. Okay, that's your estimation. But you're not allowed on appeal to make that determination because you don't see that. First of all, we don't know what, I mean, I tried to find specific rules. I put in whatever I could find from the Department of Corrections. Clearly, the Department of Corrections, I mean, I can speculate what I think someone would do with a hundred packets of prospect salt and pepper to another human being. But it's not of record, and it's not made of record. And either he could be doing a number of things. He could have been doing. Well, it's contraband, right? It's contraband. And it could be used against a guard. Excuse me? It could be used against a correctional officer. It could have been done for all kinds of things. He could trade it for cigarettes. He could sell it. Or flavor your food. None of this is of record. Flavoring the food, I think we can all agree, take judicial notice of that. The other things I think are all possible but not of record. All we know is that the Department of Corrections did not sanction it, put him in solitary. Thirty days is not like one day or a week. That's a substantial amount of time. And so I think that the judge, maybe the judge, we don't know. Maybe the judge looked it up. Maybe he called somebody and said, what's the deal here? Why would he do that? Never put it on the record. We don't know why the judge thought four and a half years was an appropriate amount of time. All that the statute says is the judge can increase it as long as it's not fanciful or arbitrary or so unreasonable that no person would have done that. And the defendant didn't come back. Was it ineffective assistance of counsel for him, not arguing if this was arbitrary or fanciful? They have not shown on appeal any substantial proof that would have supported the fact that he was ineffective for having to have done that. What have they shown that either the defense counsel or appellate counsel was ineffective for having not made that argument? Or in the case of appellate counsel for having forfeited the argument. But clearly they didn't feel that that was a substantive argument to have gone forward with because the statute allows the court to increase the sentence. And this court really can't substitute a sentence that you feel is more appropriate than the trial court did as long as it's not so outside the realm of a possibility. This guy was put into the DOC for a very violent crime. And for a home evasion that was incredibly violent. And then he goes and he starts breaking the rules in the DOC within a very short time. Enough that he's put into solitary. So for all those reasons I just don't think that they have made a substantial showing that the decision to dismiss the PC was incorrect. They can't just say this was wrong. We've made a showing and now let's have a third stage hearing. They have to make a substantial showing of something to show that they would have prevailed on appeal had they raised those issues. And I don't think they've made that showing. Because they haven't argued anywhere that the four and a half years is arbitrary, unreasonable, absurd, whatever the litany of words is that they've put in there. And so I don't think any error occurred. I don't think that you can find that they acted incorrectly because no error occurred by the trial judge and therefore by not raising it on appeal or raising it in a post-trial, a post-sentencing motion was not error on their part. Because the judge had, under the statute, had the right to impose a higher sentence. For those reasons we think you should affirm. Thank you. Thank you. Ms. Philpott. Just a few quick points, Dr. Butler. The state suggested this was invited error. But Riley, below the last appeal, wasn't asking for a PSI. Since he waived his right to a PSI, asking for a PSI, that would have been invited error. 531, statute 531, can be complied with, again, in two ways. A PSI or a waiver of PSI in criminal history. And as this court noted, that the parties waived the PSI in this case. The trial court was required to make a finding as to the defendant's history of doing this criminality. And it did not. So it remanded for accordance with 531. I also wanted to point out the case of E. B. Taylor, which was cited by the state in their brief. In that case, Taylor received unreasonably five additional years. And it was based on conduct while he was in DOC. But in Taylor, in stark contrast to Riley, Taylor had ten major tickets while in DOC. Two of them were for assaultive behavior. And he also had 12 minor tickets. Here, the note from the letter from DOC said it was this single incident of the theft or possession of a contraband. And said that there were no additional disciplinary tickets for Riley. Well, that argument is more pertains to the length, doesn't it, which would be a matter of discretion? It does. But the length of the sentence also feeds into the question of whether this was convicted in a violation of peers in the statute, 554. Because, you know, again, in this case, the state agreed that 23 years was proper. And it was for one fewer convictions that he's getting re-sentencing for. Then there's mitigation evidence that you're hearing of re-sentencing. That was never before the trial court before. Because the parties went to a stipulated bench trial already knowing that if the court found him guilty, there would be a 23-year sentence. In fact, the court said, you know, if I find you guilty, there's a 99.99999% chance that I will. But if I do, you're going to get a 23-year sentence. They all knew this. So there's no mitigation evidence before the original trial sentencing. So the question of whether the 4 1⁄2 years, the length of this 4 1⁄2 years increase, it really does go to the vindictiveness for Riley exercising his appeal rights and getting compliance with Section 531. If there are no more questions, I'd ask for this case to be remanded for next hearing. Thank you, counsel, for your argument. Questions? Do you have a question? Put your hand up. In the court's direction, the court would like to expel from this cookie three cookies representing the last three of our arguments. Yes. And they might be pistachio or salted caramel. So be careful they're not mint. We should tell Ms. Lee, today we kind of had Ms. Kripke all day. Yes. So she had, was it a holiday? Yes. That we had to reschedule? She has unfortunately suffered as a result of that. But we appreciate the fact that she's here. No, no, no. We appreciate your travel from Cook County, and we are now going to stand adjourned. Thank you so much, ladies. Have a good day.